UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| JOHN IRWIN, | : | Bankruptcy Case No. 10-14407(ELF) |
| | : | Joint Administration Requested |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| JACKLIN ASSOCIATES, INC. | : | Bankruptcy Case No. 10-14408(ELF) |
| Debtor. | : | |

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §363(c) AND FED.R.BANKR.P. 4001, AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION**

JACKLIN ASSOCIATES, INC. (the "Corporate Debtor"), by and through it undersigned counsel, hereby moves this Court, pursuant to §363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order Authorizing the Debtor to Use Cash Collateral and Provide Adequate Protection (the "Motion") and in support thereof, avers as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are § 363 of the Bankruptcy Code and Rule 4001.

## BACKGROUND

2. On May 27, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, Section 101 et seq. (as amended, the "Bankruptcy Code"). On the same day, John N. Irwin (also, a "Debtor" or the "Individual Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On or about June 30, 2010, an Order was entered Directing the Joint Administration of the Chapter 11 Cases of the Corporate Debtor and the Individual Debtor.

4. To date, no creditors' committee has been appointed in this case by the Office of the United States Trustee. The Debtor is continuing in possession of its assets and is operating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. The Corporate Debtor is a Pennsylvania corporation. The Corporate Debtor is in the business of providing consulting services and subletting commercial real estate in Radnor, PA.

6. Prior to the Filing Date, National Penn Bank, (the "Bank") made a loan in the original principal amount of $750,000.00, with interest, costs and fees thereon, (the "Bank Debt") to or for the benefit of the Corporate Debtor pursuant to the terms and conditions of certain promissory notes, guaranty agreements and security agreements between the Debtors and the Bank (collectively, the "Loan Documents') which are secured by all pre-petition Accounts, General Intangibles, Inventory, Equipment and the cash and non-cash Proceeds thereof (the "Collateral") of Corporate Debtor as more fully set forth in the Security Agreement dated December 20, 2002. The Individual Debtor executed a guaranty agreement in connection with the Bank Debt. The Bank has an unsecured claim against the Individual Debtor.

7. The unpaid aggregate principal liability of the Corporate Debtor to the Bank under the Bank Debt, excluding interest, costs and counsel fees and expenses of collection, as of the Filing Date is $750,000.00.

8. The Bank Debt is not subject to offset, recoupment or counterclaim. The Bank asserts that the liens and security interest of the Bank in the assets of the Corporate Debtor in existence as of the Filing Date, and the cash and non-cash proceeds thereof, granted pursuant to the Loan Documents are validly perfected first liens and security interests subject to no other or higher liens or security interests with the possible exception of certain tax liens.

9. The Corporate Debtor acknowledges and agrees that Bank has a duly and validly perfected security interest in the Collateral and Cash Collateral.

10. The Corporate Debtor has expenses that need to be paid, including post-petition payables, employee salaries, rent and the like.

11. Subject to Court approval and pursuant to §363 of the Bankruptcy Code and the terms of the proposed Consent Order filed simultaneously herewith, the Bank will consent to limited use of Cash Collateral by the Corporate Debtor for a period beginning on the June 18, 2010 and ending on December 31, 2010.

## USE OF CASH COLLATERAL

12. The Corporate Debtor requests that the Court authorize the Corporate Debtor to use (a) its cash, (b) proceeds of the pre-petition collateral, and (c) such other funds that the Corporate Debtor obtains post-petition which may be subject to the Bank's pre-petition security interest.

13. The Corporate Debtor requests authority to use cash collateral in the amount set forth on the budget attached hereto as Exhibit "A" and made a part hereof.

14. The Corporate Debtor requests approval of (i) a replacement lien being granted to the Bank in accordance with § 361(2) to the extent the Bank's cash collateral is used by the Corporate Debtor, to the extent and with the same priority in Corporate Debtor's post-petition collateral, and proceeds thereof, that the Bank held in the Corporate Debtor's pre-petition collateral, and (ii) a monthly adequate protection payment to the Bank in the amount of $1,000.

15. Approval of the Corporate Debtor's request to use cash collateral is in the best interest of the Corporate Debtor and its estate and creditors. Without the use of cash collateral, the Corporate Debtor will be unable to collect its accounts and pay its post-petition obligations.

16. In accordance with Bankruptcy Rule 4001, the Corporate Debtor requests that the use of cash collateral first be preliminarily approved and then be finally approved at a subsequent hearing upon further notice to parties in interest.

17. The entry of any Order authorizing the use of cash collateral is without prejudice to the rights of the Corporate Debtor, the Individual Debtor, its/his creditors, any trustee appointed in the Chapter 11 cases of the Corporate Debtor and/or the Individual Debtor, or other party in interest, to contest the validity, extent or priority of any rights granted pursuant to pre-petition agreements or any security interest arising out of or related to pre-petition loan agreements.

## RELIEF REQUESTED

18. By this Motion, the Corporate Debtor seeks authority to use cash collateral and grant adequate protection on the terms and conditions set forth herein and in the attached proposed Consent Order.

WHEREFORE, the Corporate Debtor respectfully requests that the Court (i) enter the Consent Order submitted herewith, and (ii) granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Maureen P. Steady
Maureen P. Steady, Esquire
Pavilions at Greentree
12000 Lincoln Drive West, Suite 208
Marlton, New Jersey 08053
Attorney for the Debtors

Dated: August 13, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| JOHN IRWIN, | : | Bankruptcy Case No. 10-14407(ELF) |
| | : | Joint Administration Requested |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| JACKLIN ASSOCIATES, INC. | : | Bankruptcy Case No. 10-14408(ELF) |
| Debtor. | : | |

### CERTIFICATE OF SERVICE

I, MAUREEN P. STEADY, hereby certify that I caused a true and correct copy of the DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 363(c) AND FED.R.BANKR.P. 4001, AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION to be served on June 3, 2010, via first class, United States mail upon the parties on the attached list.

By: /s/ Maureen P. Steady
Maureen P. Steady, Esquire
Pavilions at Greentree
12000 Lincoln Drive West, Suite 208
Marlton, New Jersey 08053
Attorney for the Debtors

Dated: August 13, 2010