## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| JOHN IRWIN, | Bankruptcy No. 10-14407 (ELF) |
| Debtor. | |
| In re: | Chapter 11 |
| JACKLIN ASSOCIATES, INC., | Bankruptcy No. 10-14408 (ELF) |
| Debtor. | (Jointly Administered) |

### DEBTORS' OBJECTION TO MOTION FOR AN ORDER AUTHORIZING DISCOVERY PURSUANT TO RULE 2004 BY MARION A. HECHT, AS RECEIVER FOR JOSEPH S. FORTE AND JOSEPH L. FORTE, L.P.

TO: THE HONORABLE ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors-in-possession in the above captioned cases (collectively, the "**Debtors**"), by and through their undersigned counsel, hereby file this objection to the *Motion for an Order Authorizing Discovery Pursuant to Rule 2004 by Marion A. Hecht, as Receiver for Joseph S. Forte and Joseph Forte L.P.* and respectfully represent as follows:

### BACKGROUND

1. On May 27, 2010 (the "**Petition Date**"), John Irwin ("**Irwin**") and an affiliated corporation, Jacklin Associates, Inc. ("**Jacklin**"), filed respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). To date, no creditors' committee has been appointed in either case by the Office of the United States Trustee.

PHIL1 1271115-3

2. The Debtors are continuing in possession of their assets and are operating their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Irwin is a 55% shareholder of Jacklin. Irwin's three daughters own the remaining shares of Jacklin, which is a company engaged in the business of providing business consulting services. Both Irwin and Jacklin are parties to several pre-petition lawsuits arising out of a Ponzi scheme run by Joseph Forte ("**Forte**"). Irwin, his daughters and his wife had all, without any knowledge of the nature of Forte's activities, invested substantial sums with Forte. Additionally, Jacklin provided certain business services relating to Joseph Forte, L.P., a limited partnership owned by Forte (the "**Limited Partnership**").

### a) The Forte Ponzi Scheme Litigation

4. In January, 2009, the Securities and Exchange Commission ("**SEC**") and the Commodity Futures Trading Commission filed related actions against Forte and the Limited Partnership alleging that they had violated numerous securities laws through Forte's operation of a Ponzi scheme from 1995 until 2008. On March 17, 2009, Marion Hecht (the "**Receiver**") was appointed as receiver for the Limited Partnership. On November 24, 2009, Forte pleaded guilty to wire fraud, mail fraud, bank fraud, and money laundering charges, and was sentenced to a fifteen year prison term. Shortly thereafter, the Receiver commenced litigation in the United States District Court for the Eastern District of Pennsylvania (the "**Receivership Action**") against both Irwin and Jacklin, seeking damages in excess of $34 million.

### c) The Filing

5. Irwin and Jacklin filed their respective Chapter 11 cases in order to stay the Receivership Action and to formulate Chapter 11 plans which will resolve all creditor claims by

means of the disposition of Irwin's non-exempt assets for the benefit of his creditors and the liquidation or financial reorganization of Jacklin.

**d) The Adversary**

6. On August 27, 2010, the Receiver filed an adversary proceeding (the "**Adversary Proceeding**") in this Court against Irwin, docketed as 10-ap-00348(ELF), challenging the dischargeability of the debt allegedly owed by the Irwin to the Receiver pursuant to 11 U.S.C. § 523(a)(2),(a)(4),(a)(6) and (a)(19).

7. On September 29, 2010, the Court entered Pretrial Order #1 (the "**Pre-Trial Order**"). [D.E. 5 to Adv. 10-00348(ELF)]. Among other things, the Pre-Trial Order set forth a proposed discovery schedule and deadline by which to file a joint mediation statement.

8. On October 20, 2010, Irwin and the Receiver filed a Joint Mediation Statement, in which the Receiver requested the appointment of Magistrate Timothy R. Rice as a mediator. [D.E. 7 to Adv. 10-00348 (ELF)]. On October 22, 2010, the Court entered an Order appointing Magistrate Rice as the mediator. The Receiver and Irwin are currently proceeding with arranging a conference call with the mediator.

## OBJECTION

9. Generally speaking, a creditor is prohibited from conducting a 2004 exam of parties involved in, or affected by, an adversary proceeding while it is pending. *In re 2435 Plainfield Ave. Inc.*, 223 B.R. 440 (Bankr. D.N.J. 1998); see also *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("The cases are in agreement that once an adversary proceeding is in progress a creditor/party does not have a right to a 2004 examination."); *First Financial Savings Assoc. v. Kipp (In re Kipp)*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) (stating that once an adversary proceeding is filed, Rules 7026-7037 apply and

a Rule 2004 exam "may not be used to circumvent the protections offered under the discovery rules").

10. The basis for the prohibition precluding Rule 2004 exams after an adversary proceeding has been commenced lies in the distinction between the breadth of the Rule 2004 exam and the more restrictive nature of discovery under Fed. R. Bankr. P. 7026-7037. *Id.* (citing *see In re Bakalis,* 199 BN.R. 443, 447 (Bankr.E.D.N.Y.1996) (stating that Rule 2004 exam is a broad "fishing expedition"), *In re Wilcher,* 56 B.R. 428, 434 (Bankr. N.D.Ill.1985)(same), and *In re Johns-Manville Corp.,* 42 B.R.362, 364 (S.D.N.Y.1984) (same), William L. Norton, Jr., 2 Norton Bankruptcy Law and Practice §30:1 (2d ed. 1998) ("Discovery rules are much more stringent since any person has the right to have counsel present and all rules of evidence apply..."); *see also In re Drexel Burnham,* 123 B.R. at 711 ("Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards"). One court summarized the distinction as follows:

> Rule 2004 is broad and far-reaching. There need be no pending dispute with defined issues to narrow the scope of the inquiry it permits. The discovery rules available in adversary proceedings and in contested matters are more restrictive in scope with respect to requirements of relevance and to protections available to the party required to comply.

*In re 2435 Plainfield Ave., Inc.,* 223 B.R. at 456 (quoting *In re Sunridge Assoc.,* 202 B.R. 761, 762 (Bankr. E.D. Cal. 1996)).

11. In the context of the Motion, the Receiver is seeking to circumvent the discovery rules and procedural safeguards set forth in Federal Rules of Bankruptcy Procedure 7026 through 7037. By filing the Adversary Proceeding the Receiver has challenged the Debtors' characterization of the Receiver's claim as an unliquidated and disputed debt, asserting instead

4

PHIL1 1271115-3

that the Receiver's claim is non non-dischargeable. Stated otherwise, the claim which vests the Receiver with standing to seek a Rule 2004 examination is the exact same claim at issue in the Adversary Proceeding. To the extent that both the Adversary Proceeding and the Rule 2004 examination are premised on the same disputed claim, the Receiver should be required to conduct any discovery related to that claim in accordance with Federal Rules of Bankruptcy Procedure 7026 through 7037.

## CONCLUSION

12. For the foregoing reasons, the Debtors request that this Court deny the Motion and require that any discovery related to the Receiver's claim be conducted in accordance with Federal Rules of Bankruptcy Procedure 7026 through 7037.

**(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)**

WHEREFORE, the Debtors respectfully request the entry of an order denying the relief requested in the 2004 Exam Motion and granting such other and further relief as this Court deems just and proper.

Dated: October 29, 2010

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: /s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
1835 Market St. Ste. 1400
Philadelphia, PA 19103
Telephone: (215) 569-4493

Counsel for John Irwin,
Debtor and Debtor-in-Possession

MAUREEN P. STEADY, ESQ.

By: /s/ Maureen P. Steady
Maureen P. Steady, Esquire
Pavilions at Greentree
12000 Lincoln Drive West, Suite 208
Marlton, NJ 08053

Telephone: (856) 396-0540

Counsel for Jacklin Associates, Inc.,
Debtor and Debtor-in-Possession

6

PHIL1 1271115-2