IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: JOHN IRWIN, | Case No. 10-14407 |
| | Chapter 11 |
| Debtor. | |
| In re: JACKLIN ASSOCIATES, INC. | Case No. 10-14408 |
| | Chapter 11 |
| Debtor. | |

**OBJECTION OF ANTHONY JANETTA TO MOTION FOR AN ORDER AUTHORIZING DISCOVERY PURSUANT TO RULE 2004 BY MARION A. HECHT, AS RECIEVER FOR JOSEPH S. FORTE AND JOSEPH FORTE, L.P.**

Anthony Jannetta, by and through his undersigned counsel, Bovarnick & Associates, LLC, hereby files the within Objection of Anthony Jannetta to Motion for an Order Authorizing Discovery Pursuant to Rule 2004 by Marion A. Hecht, as Receiver for Jospeh S. Forte and Joseph Forte, L.P. (the "Objection") and, in support thereof, states as follows:

1. Objector is Anthony Jannetta ("Jannetta"), a party in interest with respect to the Motion for an Order Authorizing Discovery Pursuant to Rule 2004 by Marion A. Hecht, as Receiver for Joseph S. Forte and Joseph Forte, L.P. (the "Motion").

**INTRODUCTION**

2. The Motion purports to be a discovery motion directed against the Debtors as well as numerous non-debtor witnesses. As the majority of the allegations set forth in the Motion are unrelated to Jannetta and Jannetta lacks information regarding the truth of the allegations set forth therein, rather than responding paragraph by paragraph, Jannetta shall limit this Objection

to matters of which relate to him. This should not be construed by the Court or any party as an admission of allegations not specifically addressed or denied.

## OBJECTION

3. The above captioned matters are jointly administered Chapter 11 cases.

4. By Order dated September 22, 2010, this Court has granted the Debtors until January 23, 2011 to file their Plan of Reorganization (the "Plan").

5. Pursuant to the Joint Motion of the Debtors and Debtors-in-Possession for Entry of an Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending Debtors' Exclusive Periods Within Which To File and Solicit Acceptances of Plan (the "Exclusivity Motion"), the Debtors have indicated that they are in negotiations with Marion A. Hecht ("Hecht"), the Movant of the instant Motion.

6. It is assumed that the Plan, once it is filed, will address how the Debtors intend to reorganize. It also assumed that the Plan will address how the Debtors intend to take steps to maximize the return for creditors including, but not limited to collecting pre-petition assets.

7. With respect to Jannetta, the Motion alleges as follows: (a) the individual Debtor, John Irwin ("Irwin") loaned Jannetta One Hundred Thirty Thousand ($130,000.00) Dollars from the early 1990's until 2003; (b) Irwin believes that Jannetta is insolvent; and (c) the due diligence to determine whether Janetta is insolvent is from Irwin asking Jannetta if he is insolvent.

8. Even though the Debtors clearly intend to file a Plan, which will, of necessity, have to disclose what they intend to do with respect to collecting on old debts, Hecht has taken the extraordinary step of unilaterally concluding that it is her role to seek to take actions to collect debts on behalf of the Debtors.

9. As this Court is well aware, all debtors have a fiduciary obligation to maximize the estate for all creditors. It is submitted that it would be wholly inappropriate to permit creditors to engage in what should be a Debtor task, particularly where Hecht has not alleged that the Debtors intend to take no action.

10. This is akin to a creditor's committee instituting a lawsuit without first making demand upon the debtor to do so. The cases are legion that such an action is inappropriate.

11. This situation is actually worse than the committee situation, as at least with respect to a creditor's committee, a committee is serving in a role where it benefits the entire unsecured creditor body. In this situation, Hecht is in her role to benefit herself.

12. For the foregoing reasons, the Motion should be denied sua sponte.

13. If this Court determines that Hecht does have some magical entitlement to usurp the Debtors' roles, it is submitted that the discovery request is inappropriate. By way of example, the document request goes beyond a full fifteen (15) years. Regardless of the theory for relief, it is submitted that no party has any right to request and obtain discovery that goes beyond any applicable statute of limitations.

14. Additionally, seeking "all documents" over a fifteen (15) year period is burdensome, oppressive and harassing.

15. If Hecht is seeking discovery for her own purposes or to pursue an independent claim, all discovery is inappropriate.

16. To the extent that Hecht is attempting to locate assets to increase the size of the Debtor's estate, the discovery will not aid in that search.

17. The document requests utilize the phrase "directly or indirectly". It is submitted that the word "indirectly" or "indirect" is vague in the context of the discovery requests. By way

of example, document request number 1 requests "all documents relating to any payment, asset transfers, gifts, or distributions of any kind you received, directly or indirectly, from or on behalf of John N. Irwin or Lucy Irwin between 1995 and May 26, 2010." It is unclear what would come under the category of a document relating to a gift received indirectly. As a result, it is impossible for Jannetta to formulate an appropriate response or alternatively, to the extent production is required, to determine whether he would be in compliance with the subpoena.

17. Additionally, to the extent that Hecht seeks to maximize the size of the Estate, documentation relating to Irwin or his wife over the last fifteen (15) years will not aid in that regard.

18. Request number 2 seeks "all documents relating to the disposition, use, or location of any funds or other assets that you received, directly or indirectly, from John N. Irwin or Lucy Irwin between 1995 and May 26, 2010." In addition to the objections raised above, it is submitted that there is no relevance to the "disposition, use or location" of funds or assets received over the last fifteen (15) years. By way of example, if Irwin provided Jannetta Five Thousand ($5,000.00) Dollars and Jannetta then used that money to buy an expensive watch, is Hecht seeking a sales receipt from the purchase of that watch? Again, request number 2 is objectionable in total.

19. Document request number 3 seeks documents relating to loans made by Jannetta to Irwin. To the extent that Jannetta made any such loan to Irwin, that determination will in no way assist in increasing the size of the Estate. As a result, the documents requested in request number 3 are irrelevant with respect to the alleged basis for the Motion and requested discovery.

20. Document request number 4 is similarly overbroad, irrelevant, oppressive and harassing. There are two Debtors in this case, Irwin and Jacklin. Notwithstanding the fact that

there are two Debtors in this case, document request number 4 seeks "documents relating to any payments, asset transfers, gifts, or distributions of any kind you receive from entities controlled by John N. Irwin or Lucy Irwin, including without limitation Jacklin Associates between 1995 and the present." If there is an entity controlled by Irwin or his wife, such entities are not in bankruptcy and have nothing to do with the maximization of the Estate of the Debtors. Therefore, document request number 4 is wholly inappropriate.

21. The request in category number 5 is objectionable for the reasons set forth in the preceding two objections.

22. The request set forth in request number 6 is again wholly objectionable. Hecht has set forth no basis to request, let alone receive all of Jannetta's federal and state tax returns over a fourteen (14) year period. Finally, while it is nice that Hecht wants the "originally filed returns", one would have to assume that the original returns are with the taxing authorities. It is inconceivable that Hecht is requesting that Jannetta take steps to contact the applicable taxing authorities and obtain the originally filed returns.

23. As set forth above, the Motion is unfounded and, to the extent this Court finds there to be any merit with the Motion, the underlying request is objectionable in whole.

24. Jannetta reserves the right to supplement this objection.

WHEREFORE, it is respectfully requested that this Court enter an Order denying the Motion

BOVARNICK AND ASSOCIATES, LLC

By:   /s/ Robert M. Bovarnick
Robert M. Bovarnick, Esquire
Bovarnick and Associates, LLC
Two Penn Center Plaza, Suite 1310
1500 John F. Kennedy Boulevard
Philadelphia, PA  19102

Dated: November 9, 2010