**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
|    JOHN IRWIN, : | Chapter 11 |
|        Debtor. : | |
| : | Bky. No. 10-14407 ELF |
| : | JOINTLY ADMINISTERED |
| IN RE: : | |
|    JACKLIN ASSOCIATES, INC., : | |
|        Debtor. : | |

# O R D E R

**AND NOW,** Marion A. Forte, as Receiver for Joseph S. Forte and Joseph Forte, L.P. ("the Receiver"), having filed a Motion for an Order Authorizing Discovery Pursuant To Rule 2004 ("the Motion");

**AND**, in the Motion, the Receiver seeking authority to examine the following persons:

   A. Debtor John N. Irwin
   B. Debtor Jacklin Associates
   C. Lucy Irwin
   D. Karen McAteer
   E. Carol Sander
   F. Nancy Phillips
   G. Fred D. Hesse
   H. Richard Graves
   I. Anthony Jannetta
   J. Gotham Capital, LLC
   K. Skee Ball, Inc.

**AND**, objections to the Motion having been filed by both Debtors, Lucy Irwin, Carol I. Sander and Anthony Jannetta (Doc. #'s 98, 99, 102, 106, 123);

**AND**, the Receiver and the Debtors having reported a settlement of their dispute with respect to the requested Rule 2004 examination and their intention to file a consent order for

entry by the court;

**AND**, after a hearing and for the reasons set forth in the accompanying Memorandum;

It is hereby **ORDERED** that:

1. The Motion is **GRANTED IN PART AND DENIED IN PART.**

2. Resolution of the Receiver's request for relief as to the Debtors is **DEFERRED** pending consideration of the consent order to be submitted by the parties.

3. **Subject to the limitations set forth in Paragraph 6 below**, the Receiver is **AUTHORIZED** to conduct a Rule 2004 Examination of Lucy Irwin, Karen McAteer, Carol Sander, Nancy Phillips, Fred D. Hesse, Richard Graves, Anthony Jannetta, Gotham Capital, LLC and Skee Ball, Inc..

4. Attendance at the examinations shall be governed by Fed. R. Bankr. P. 2004(c) and 9016.

5. The formal requirements of the examinations shall be governed by Fed. R. Civ. P. 30(b).

6. **Interim Scope**: Without prejudice to the Receiver's right to request an expansion in the scope of the examinations after conducting the initial examinations, the initial scope of the examinations and the requests for production of documents made in connection with the examinations authorized by this order **SHALL BE LIMITED** as follows:

    a. with respect to inquiries relating to any potential transfer(s) of property from either of the Debtors to the party being examined, to the **time period after May 26, 2006**;

    b. with respect to any contractual relationships which could give rise to a liability of the party being examined in favor of either of the bankruptcy estates, to the time period **on and after January 1, 1995**;

    c. the tax returns requested shall be limited to the those returns covering activity in the period **January 1, 2006 to December 31, 2009**;

7. Notwithstanding Paragraph 6, each party being examined shall preserve all documents

identified in the Exhibit to the Motion applicable to that party until further order of this court or the closing of these bankruptcy cases.

8. Paragraphs 6 and 7 apply to all the parties named in the Motion, even in the absence of an objection.

Date:   **December 2, 2010**

                                  **ERIC L. FRANK**
                                  **U.S. BANKRUPTCY JUDGE**